**SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, Plaintiff,**

v.

**OTTMAN CUSTOM PROCESSORS, INC. and Joseph Piperato, Defendants.**

Civ. A. No. 84–4051–C.

United States District Court, D. Massachusetts.

May 15, 1985.

David A. Snyder, U.S. Dept. of Labor, Solicitor's Office, Boston, Mass., for plaintiff.

William W. Hays, Bowditch & Dewey, Worcester, Mass., for defendants.

### MEMORANDUM

CAFFREY, Chief Judge.

This is a petition for adjudication of civil contempt filed December 14, 1984 by the Secretary of Labor against Ottman Custom Processors, Inc. and Joseph Piperato, its president. The petition recites that on November 19, 1984 a United States Magistrate issued a warrant for inspection under the Occupational Safety and Health Act (29 U.S.C. § 651 *et seq.*) herein after OSH Act. The warrant authorized Nelson F. Barnes or any other authorized Department of Labor Compliance Safety and Health Officer to enter and inspect the premises of Ottman Custom Processors, Inc. ("Ottman") at 1 Blackstone Street, Wilkonsonville, Massachusetts. The application for the warrant and the warrant are appended to the complaint as Exhibits B and A respectively. The complaint further alleges that on November 21, 1984 Compliance Officer Barnes served the inspection warrant on Toni Rodriques, the personnel director at Ottman whereupon Rodriques handed a notice of protest to Officer Barnes.

The matter came before the Court for a hearing on an order to show cause issued by the undersigned on January 21, 1985.

At the hearing testimony was heard from Compliance Officer Nelson F. Barnes, called by the Secretary of Labor, and from Toni Rodriquez, Stacey Wright, Joseph Piperato, and Thomas Shea, called by the defendants. Post hearing memoranda of law were filed by the parties and after hearing, I find and rule as follows.

The inspection warrant issued by the Magistrate meets the probable cause standards required by the Supreme Court's decision in *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978). I further find that respondents refused to allow Officer Barnes to conduct a normal and meaningful inspection of respondents premises, that respondents refused to allow the inspector to privately question employees at respondent's place of business, and that respondent unreasonably refused Officer Barnes' request to have employees explain and demonstrate the machines and equipment being used on the premises. I further find that respondents unreasonably delayed Barnes' access into the working areas of the Ottman work place for about five hours and that the conduct of respondent's Piperato and Ottman employee, Rodriques totally frustrated reasonable attempts by the Labor Department to inspect those premises as mandated by Congress under the Act. I find and rule that both Ottman and Piperato are guilty of civil contempt consisting of their refusal to comply with the Magistrate's lawful order. I rule that because of their illegally obstructive conduct that an order should be entered directing Ottman to pay $200 per day and Piperato to pay $100 per day until the Magistrate's order is fully complied with and I further rule that Ottman should pay the costs of bringing and trying this action.