**SECRETARY OF LABOR, U.S. DEPARTMENT OF LABOR,**
Respondent, Appellee,

v.

**OTTMAN CUSTOM PROCESSORS, INC. and Joseph Piperato,**
Petitioners, Appellants.

**No. 85–1719.**

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1986.
Decided Feb. 5, 1986.

William W. Hays, with whom Chris W. Wert, Bowditch & Dewey, were on brief, for petitioners, appellants.

Morris R. Parker, Jr., with whom Frank A. White, Associate Solicitor for Occupational Safety and Health, Joseph M. Woodward, Counsel for Appellate Litigation, Andrea C. Casson, Asst. Counsel for Appellate Litigation, and Francis X. Lilly, Solicitor of Labor, were on brief, for respondent, appellee.

Before COFFIN and ALDRICH, Circuit Judges, and ROSENN, Senior Circuit Judge.*

PER CURIAM.

On May 15, 1985 the district court, 609 F.Supp. 189, found defendants, Ottman Custom Processors and Joseph Piperato, guilty of civil contempt and ordered pay-

* Of the Third Circuit, sitting by designation

ments of $300 a day until compliance with an order to permit OSHA inspection of Ottman's premises. The order was received on Friday, May 17. Defendants remained mute. On Monday, May 20, an OSHA inspector appeared and was finally allowed to inspect.

The district court assessed fines, as requested by the Secretary, in the amount of $1200 for May 16, 17, 18, and 19. The defendants' opposition consisted of an affidavit supporting their statement that they did not receive the court's order until May 17, and the averment that they "could not comply ... until OSHA appeared for the inspection" on May 20.

It having been impossible for defendants to have signified their willingness to comply with an order the existence of which was unknown to them on May 16, we must hold, as now the Secretary belatedly concedes, that no fines should have been assessed for that day. Indeed, we suspect that had this point been more directly called to the court's attention, instead of being buried in a factual statement and affidavit, it would have corrected its order.

As for appellants' sole argument made to us that they "could not have unilaterally complied with the warrant because an OSHA compliance officer had to conduct the safety inspection", we condemn it as either superficial or disingenuous. With a record in this proceeding of resistance to inspections, both warrantless and with warrant, and findings by both magistrate and judge regarding such resistance, defendants were in no position to assume that sitting on their hands would toll the fines. They held the key to purgation—a simple telephone call to OSHA stating that defendants would no longer resist inspection. Moreover, the background of intransigence was such that, absent a call, the Secretary might well assume that difficulties would continue, necessitating special planning to cope with unpleasantness.

We might have questioned whether, in the absence of any evidence that OSHA

was prepared to inspect on a Sunday, fines for May 19 should be included. But as we have indicated, such a selective argument was made neither below nor on appeal.

*The order of September 5, 1985 is vacated and the cause remanded with instructions to issue an order assessing a fine of $600 upon Ottman Custom Processors, Inc. and a fine of $300 upon Joseph Piperato. No costs.*